Spear, J.
The first question is answered when •proper construction is given to certain sections of our statute relating, to liens, being sections 3193, 3194, 3198, 3200 find 3203 of the Revised Statutes. These sections, so far as pertinent to this case, provide that any sub-contractor who has furnished material for the construction of a street provided for in the contract between any public authority and a principal contractor, and under a contract between such sub-contractor and the principal contractor, may at any time thereafter, not to exceed four months from the delivery of such material, file with the board or officer a sworn and itemized statement of the amount and value of such material furnished; thereupon such board or officer shall retain subsequent payments froni the principal to secure such claims; the board or officer shall, or the lien claimant may, furnish the principal contractor with a copy thereof within five days, and if such principal contractor shall fail within five days to notify in writing the board or officer of his intention to dispute the claim he shall be considered as assenting to its correctness, and thereupon subsequent payments shall be applied pro rata upon such claim. If the head contractor *186 shall neglect or refuse to pay within five days after, his assent to ,or adjustment of the claim, the amount thereof and costs incurred to the subcontractor, the board or officer shall pay when due the whole or pro rata amount thereof out of payments subsequently falling due, and on failure within ten days the sub-contractor furnishing material may recover in an action for money had and received the whole or pro rata amount of his claim not exceeding the balance due the principal contractor. If by collusion or fraud the board or officer pay in advance the payments due under the contract, he shall be liable to the subcontractor for the amount due on such contract on the date of filing of the sworn account the same as if no payment had been made.
It is not claimed that there was a literal compliance with the requirements of the statute with respect to furnishing the original contractor with a copy of the verified account of the sub-contractors. There could not have been. The original principal contractor was dead. The claim is, and the record shows that the uncompleted contract between the original contractor and the village was completed by the administrator, the plaintiff, and that the material furnished by the sub-contractor was furnished in pursuance of their agreement with the principal contractor and was accepted byr the administrator and went into the completion of the job thus being conducted to a súccessful termination by the administrator. And the notice, with copy of the sworn account, was in due time served on the administrator, having first been served on the vil *187 lage authorities, and the amount or justice of the accounts has never been and is not now disputed. This, it is claimed, was a sufficient compliance with the statute to entitle the sub-contractors to the benefit of the statutory lien, and it was so held by the circuit court. We are of opinion that this claim is well founded. The policy of the state with respect to the claims of laborers and material men to be compensated for their work and material out of the structure to which their work and material have contributed is indicated by the statute as to liens and has been clearly defined in a number of decisions in this and other courts. The statute should be liberally construed in order to carry out the purpose of the general assembly in its enactment, the legislation being highly remedial in character. This policy is fully elaborated in Bullock v. Horn, 44 Ohio St., 420, and need not be enlarged upon here. In an earlier case, Williams, Admr., v. Webb, 2 Dis., 430, it is held that: “The death of the owner of property before a lien has been taken does not interfere with the rights of or prevent the necessary steps to secure a lien by the person performing labor or furnishing materials.” It is further held that, although the statute in terms provides that the account shall be verified by the person performing the labor or furnishing the material, yet that the oath may be made b)^ an agent of the party entitled to the lien, Gholson, J., observing in the opinion that, “While we might be disposed to accede to the general proposition that such statutes should not be extended beyond what their terms clearly import, yet this does not require us to stick to the *188 letter.” See also Foster v. Stone, 20 Pick., 542, and Bergin v. Braun, 15 O. D., 382.
So in the case at bar we are not required to stick to the letter. The contract was an executory one which the administrator might properly complete. (Gray v. Hawkin’s Admx., 8 Ohio St., 450.) In doing so he acted as principal contractor, stepping into the shoes, for all practical purposes, of h'is decedent. And as such principal contractor he did finish the work with the aid of these men who furnished the material, they acting in good faith in compliance with their contract with the deceased. Their contribution to the work, thus accepted by the administrator, enabled him to complete his decedent’s agreement with the village. To all intents and purposes they complied with the spirit and purpose of the statute. To deny them the advantage of their outlay would be to stick in the bark, to permit the mere letter to override and defeat the plain spirit and purpose of the statute.
The second question seems to present no difficulties. The fund arising from the completion of the paving contract should not be paid to the administrator. It was brought within the jurisdiction of the court of common pleas by the answer of the village iii^tlie.. nature of an interpleader. That court has all the parties before it with full jurisdiction to determine all their rights and render final judgment, and there is no reason for paying money over to the administrator which belongs to the sub-contractors and which they have a right to receive undiminished by any fees *189 or cost of any kind on the part of the administrator.
The judgment of the circuit court will be affirmed and the cause remanded to the court of common pleas of Athens county to carry into effect the judgment of the circuit court and this judgment, and the cause to be there proceeded in conformably to the said judgment of the circuit court and of this opinion.

Judgment affirmed.

Price, C. J., Shauck, Crew and Summers, JJ., concur.